McNABB (CALLER v.). See Case No. 2,322.

---

## Case No. 8,907.

### In re McNAIR.

[2 N. B. R. 219 (Quarto, 77).] [1]

District Court, D. North Carolina. 1868.

BANKRUPTCY—WITNESS FEES.

A bankrupt summoned by creditor to appear as witness is not entitled to witness's fees.

[Cited in Re Paddock, Case No. 10,658.]

The following question arose, and was stated and agreed to by John D. Shaw, for bankrupt, and John W. Hinsdale, for J. J. Gilchrist, creditor, viz.: "Is a bankrupt attending before the court of bankruptcy for examination, entitled to the fees of a witness?"

The facts are: On the 6th day of May, 1868, Neill A. McNair, the above bankrupt, was ordered to appear before me at Fayetteville, N. C., on the 22d day of May, 1868, to be examined touching his said bankruptcy. In obedience to said order, on the said 22d day of May, the said bankrupt appeared before me, and was on examination two days. At the close of his examination the said bankrupt demanded of J. J. Gilchrist, the creditor, upon whose application the order for examination was issued, the usual fees allowed to witnesses attending the federal courts, which demand the said creditor declined to recognize, raising the question through his attorney, John W. Hinsdale, whether a bankrupt attending before courts of bankruptcy for examination, is entitled to the fees of a witness, when he is ordered to appear to be examined relative to any matter concerning his bankruptcy.

[See Case No. 8,908.]

---

## Case No. 8,908.

### In re McNAIR.

[2 N. B. R. 343 (Quarto, 109).] [1]

District Court, D. North Carolina. 1868.

BANKRUPTCY—PAPERS FILED—RIGHT TO WITHDRAW.

Original papers referred to in bankrupt's deposition, and annexed thereto, cannot be withdrawn from the files at the option of the bankrupt. The court may order a withdrawal for good reason shown by party interested.

John F. McNair, a witness summoned on behalf of the bankrupt, was on his examination before the register, Wm. A. Guthrie. He produced certain papers which were marked as a part of the deposition and filed with it. Whereupon application being made by J. D. Shaw, Esq., bankrupt's attorney, for the return of said paper, which was opposed by John W. Hinsdale, Esq., attorney for J. J. Gilchrist, creditor; the following question was certified to the judge for decision: Whether the original papers which have been exhibited to the court and annexed to the deposition of John F. McNair, being marked and referred to in said deposition as exhibits A, B, C, D, E, F, and G, have not thereby became a part and parcel of the deposition, and whether they should not remain with the deposition, and should copies of these be delivered to the assignee, or shall copies be retained and the original returned?

BROOKS, District Judge. The question presented by the certificate of the register in this case is—whether original papers, which have been exhibited to the court and annexed to depositions, being marked and referred to in deposition, have not thereby become so much a part of the deposition, that they cannot be withdrawn and a copy substituted?

---

[1] [Reprinted by permission.]    [1] [Reprinted by permission.]

After full consideration of this question, I am not able to concur with the register in the opinion expressed. The papers in question were exhibited, referred to, and stated as exhibits in the deposition, and annexed to the deposition. The court passed upon the deposition as it was, exhibits and all. In further progress of the case, if objections should be made to any reference to the exhibits. upon the ground that in the deposition they are referred to as original papers, but upon inspection they appear to be copies substituted—such objections might be good. The deposition as it is must be complete. It would not be so complete with copies, for it must then be established that the papers substituted are copies. That the court may, upon cause shown, order the withdrawal of the original exhibits, to be used as evidence in behalf of any one having an interest in them, I have no doubt. But the court as clearly will not order or allow them withdrawn. unless upon the application of some party who can show the proper use for which he desires them. The original papers referred to in, and annexed to, the deposition, should be retained by the register with the deposition. against this demand of the bankrupt.

[See Case No. 8,907.]